UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION
CASE NO.:

LINDA MICHELLE CLARY
F/K/A MICHELLE L. GRIMALDO,

       Plaintiff,

v.

COCA-COLA BEVERAGES
FLORIDA, LLC

       Defendant,

_____/

## VERIFIED COMPLAINT

The Plaintiff LINDA MICHELLE CLARY, F/K/A MICHELLE L. GRIMALDO, by and through undersigned counsel, hereby sues Defendant COCA-COLA BEVERAGES FLORIDA, LLC, on the grounds set forth herein.

### INTRODUCTION

1. This is an action by the Plaintiff, for declaratory and injunctive relief and damages under 42 U.S.C. §1981 (Civil Rights Act of 1866), and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, to redress injury done to her by the Defendant's discriminatory treatment on the basis of Race and Color.

2. This is an action by Plaintiff LINDA MICHELLE CLARY, F/K/A MICHELLE L. GRIMALDO, under 42 U.S.C. §1981 (Civil Rights Act of 1866); the Civil Rights Act of 1964, to redress injury done to her by the Defendant's discriminatory treatment based on her Race and Color.

Doc ID: a84a6f0a2f700e1f3e56a27257855c3c1926c017

## JURISDICTION AND VENUE

3. This is an action for damages brought in excess of $15,000.00 exclusive of interest, attorney's fees and costs.

4. This action is authorized and instituted pursuant to 42 U.S.C. §1981 (Civil Rights Act of 1866), and the Florida Civil Rights Act of 1992 (FCRA), Florida Statutes Section 760.

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343. Plaintiff invokes this Court's supplemental and pendant jurisdiction over all of Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal Case, and pursuant to 28 U.S.C. §§1332 and 1367.

6. The venue of this action is properly placed in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §1391(b), since the events/employment practices hereafter alleged to be unlawful were committed in St. Lucie County, within the jurisdiction of this Honorable Court.

## PARTIES

7. Plaintiff LINDA MICHELLE CLARY, F/K/A MICHELLE L. GRIMALDO, is a resident of West Palm Beach, Florida who was employed by Defendant COCA-COLA BEVERAGES FLORIDA, LLC and is a member of certain protected classes of persons. Plaintiff LINDA MICHELLE CLARY, F/K/A MICHELLE L. GRIMALDO, consents to be a party in this action by signing this verified complaint.

Doc ID: a84a6f0a2f700e1f3e56a27257855c3c1926c017

8. Plaintiff's current name is LINDA MICHELLE CLARY, to avoid confusions, in this Complaint we will name LINDA MICHELLE CLARY as her previous name MICHELLE L. GRIMALDO,

9. Corporate Defendants COCA-COLA BEVERAGES FLORIDA, LLC (hereinafter called COCA-COLA BEVERAGES) is a Florida corporation authorized to conduct business in the State of Florida. Defendant is headquartered in Tampa, Florida, but maintains bottler and distribution center in Fort Pierce, St. Lucie County, Florida, within the jurisdiction of this Court.

10. At all times relevant to this complaint, Plaintiff was employed by COCA-COLA BEVERAGES and the parties had a contractual relationship with each other.

PROCEDURAL REQUIREMENTS

11. On or about August 26, 2016 Plaintiff MICHELLE L. GRIMALDO filed a Charge of Discrimination based on Race Discrimination and Retaliation with the Equal Employment Opportunity Commission, thereby satisfying the requirements of 42 U.S.C.A. § 2000e-5(b), (e). Such charge was filed within one hundred and eighty (180) days of the unlawful employment practice. On or about September 25, 2018, the Equal Opportunity Commission issued to Plaintiff a Dismissal and Notice of Rights with respect to such charge of discrimination. The Dismissal and Right to Sue has been issued to the name of MICHELLE L. GRIMALDO.  See composite **Exhibit "A."**

12. All conditions precedent to this action has been fulfilled. The Charge of discrimination was dually filed with the EEOC and with the Florida Commission on Human Relations, within 300 days of the alleged violation and over (6) months

Doc ID: a84a6f0a2f700e1f3e56a27257855c3c1926c017

have passed since filing of the complaint. The present Complaint is being filed within the statute of limitations for State law.

<u>STATEMENT OF FACTS</u>

13. Plaintiff MICHELLE L. GRIMALDO is a White female, member of certain protected classes of persons because of her association with an individual of a different race.

14. COCA-COLA BEVERAGES is a bottler and distributor of beverages. Defendant's facilities are located at 3939 St. Lucie Blvd. Fort Pierce, Fl 34946, where Plaintiff worked.

15. Defendant COCA-COLA BEVERAGES employed Plaintiff MICHELLE L. GRIMALDO from March 2006, to August 22, 2016. Plaintiff worked at the same location for more than 10 years.

16. At the time of her termination, Plaintiff was a full-time employee performing as account manager and her duties consisted on selling and distributing COCA-COLA BEVERAGES' products and maintaining proper inventory at customer's stores. Plaintiff was earning approximately $42,000.00 yearly.

17. Throughout her extended period of employment with Defendant, Plaintiff always performed and excelled at the essential functions of her position. Plaintiff was a dedicated, hard-working employee. Plaintiff took pride of her job and she always was willing to provide customers the most efficient service.

18. Plaintiff carried out her duties satisfactorily and she did not have any performance issues, warnings, write-ups, or any kind of significant disciplinary actions, for more than 9 years.

Doc ID: a84a6f0a2f700e1f3e56a27257855c3c1926c017

19. However, during her last year of employment with Defendant, Plaintiff was subjected to unlawful acts of discrimination, such as harassment, hostile work environment, disparate treatment. Plaintiff was further subjected to different terms and conditions of employment, and finally terminated from her position because of her association to someone of a different race.

20. Plaintiff was a long-term employee and she loved her work, she got along well with co-workers and supervisors, including her direct supervisor, District Sales Manager, April Ferguson. Plaintiff and April Ferguson maintained a friendly relationship and they often socialized outside the workplace.

21. Around April 2015, Plaintiff attended a co-worker birthday party along with her boyfriend who is Black. District Sales Manager, April Ferguson and her husband also attended this party.

22. The next day April Ferguson told Plaintiff that her husband "did not like that kind of people", Plaintiff asked, "what kind of People" and April Ferguson replied, "Black people". Soon after April Ferguson found out that Plaintiff's daughter also had a Black boyfriend. April Ferguson was very concerned, she made many comments regarding Plaintiff's daughter and told Plaintiff that her daughter should date only "within her own race".

23. Despite April Ferguson disapproval of her relationship, Plaintiff continued her friendly relationship with the District Sales Manager. Nevertheless, April Ferguson continually made jokes and discriminatory remarks about Black people on daily basis.

Doc ID: a84a6f0a2f700e1f3e56a27257855c3c1926c017

24. Plaintiff opposed to the discriminatory conduct of April Ferguson and requested her to stop making derogatory and offensive remarks against Black people, because she felt humiliated. In complete disregard with Plaintiff's interracial relationship, April Ferguson continued her discriminatory remarks against Black people, using the "N-word" multiple times.  April Ferguson went so far as showing to Plaintiff racist jokes containing the "N-word" that her husband would send to her telephone.

25. Simultaneously with her wrongful conduct, April Ferguson, in a menacing way, informed Plaintiff that she and Territory Manager Tyson King, were very close friends and that she always had the backing from Tyson King.  April Ferguson also informed Plaintiff that Tyson King did not like the friendship between the two women.

26. Plaintiff felt threatened and decided that it would be better to distance herself from April Ferguson. Plaintiff never trusted Tyson and she did not trust April Ferguson anymore.

27. Short after, Plaintiff deleted April Ferguson from her social media, April Ferguson took notice immediately and demanded explanations from her.  Plaintiff explained to April Ferguson that she did not feel comfortable around her because of her racists and discriminatory remarks about Black people.

28. Plaintiff also mentioned to April Ferguson that she was afraid of continuing their closeness because she distrusted Territory Manager Tyson King.  Plaintiff was pretty sure that Tyson King (White) knew about her Black boyfriend and he did not like her for that reason.

Doc ID: a84a6f0a2f700e1f3e56a27257855c3c1926c017

29. District Sales Manager April Ferguson answered that everything was only a joke. However, she changed her attitude towards Plaintiff dramatically, and from that moment on, April Ferguson apply to Plaintiff a cold, and distant treatment.

30. Thereafter, April Ferguson increased the supervision of Plaintiff, she watched, questioned, double checked everything Plaintiff did. April Ferguson went to the stores serviced by Plaintiff, and she would look for any failure to follow standard operating procedures, any complaints from customers, took numerous pictures looking for reasons to admonish Plaintiff.

31. District Sales Manager April Ferguson harassed Plaintiff by counseling her with or without reason. The District Sales Manager used to send Plaintiff numerous e-mails with all kind of recommendations, remainders, and warnings that put Plaintiff under great stress.

32. As early as May 2015, District Sales Manager April Ferguson began to produce records of not documented "Verbal Conversations" held with Plaintiff on performance issues, not documented "Verbal Coaching," not documented "Written Performance" forms etc., etc.

33. District Sales Manager April Ferguson gave Plaintiff profusely detailed Write-ups on 7/24/15, on 9/21/2015 and she offered more details and pictures on demand.

34. Plaintiff was subjected to unlawful acts of discrimination such as excessive job scrutiny, increase surveillance, and disparate treatment, Plaintiff was treated unfairly and at different standards than her peers. Plaintiff was scolded, written up with abundance of negative comments and criticism for minor daily incidences while the same matters went unnoticed if other co-workers were involved.

Doc ID: a84a6f0a2f700e1f3e56a27257855c3c1926c017

35. District Sales Manager April Ferguson constantly criticized Plaintiff's work, there was nothing that Plaintiff did that the supervisor did not have a problem with. April Ferguson harassed and tormented Plaintiff every day.

36. Plaintiff experienced anxiety and frustration. The frequency of the racially motivated harassment directed towards Plaintiff because of her association with a Black person, created a hostile work environment for her, in violation of 42 U.S.C. §1981 and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760.

37. Plaintiff was harassed by her boss, and she could not complaint, since she needed her job and was afraid of being fired. Enduring discriminatory treatment became a condition for continued employment with Defendant.

38. District Sales Manager April Ferguson set Plaintiff up for failure by subjecting her to harassment in the form of multiple counseling, and progressive discipline designed to cause her termination. The discriminatory actions of April Ferguson were racially motivated because of her knowledge that Plaintiff continued her relationship with a Black person.

39. To guarantee Plaintiff's termination April Ferguson had the full support of Territory Manager Tyson King, who did not like Plaintiff and her association with a Black person.

40. On or about March 2016, while Plaintiff was out on a medical leave, April Ferguson changed Plaintiff's route and increased the number of stores that she had to serve making impossible for Plaintiff to complete her route properly.

Doc ID: a84a6f0a2f700e1f3e56a27257855c3c1926c017

41. This adverse action against Plaintiff gave April Ferguson and Tyson King the perfect framework to sanction Plaintiff with numerous disciplinary counseling, warnings, negative performance evaluations, etc., etc.

42. On or about and on July 13, 2016, Plaintiff was given a Final Warning, Plaintiff contested this warning, and the same day she contacted H.R Johana Cavataio to express her concerns about being targeted for termination.   The next day, Plaintiff e-mailed H.R Johana Cavataio requesting copy of her personal file expressing also her distrust about April Ferguson and Tyson King.

43. Plaintiff continued her communications with H.R Johana Cavataio, and Plaintiff complained about the racial discrimination and harassment that she was suffering at the hands of District Sales Manager April Ferguson and Territory Manager Tyson King.

44. H.R Johana Cavataio requested Plaintiff to put her accusations in writing. Plaintiff in hopes of keeping her employment wrote a very moderated, cautious statement, but transpiring enough racially motivated discrimination and harassment. Plaintiff e-mailed this statement to H.R Johana Cavataio on July 19, 2016.

45. On or about July 13, July 14, July 18, and July 19, 2016, Plaintiff engaged in protected activity by complaining about racial discrimination and harassment to H.R Johana Cavataio.

46. Defendant did not open an effective investigation, did not take any corrective measurement, and did not keep its confidentiality duty the necessary time to complete a thorough investigation that would have been fair to all parties.

Doc ID: a84a6f0a2f700e1f3e56a27257855c3c1926c017

47. Instead, on or about July 21, 2016, Tyson King scheduled an intimidating sit-down meeting in which Plaintiff was confronted by Tyson King and April Ferguson. The meeting was conducted by Tyson King.

48. After the written discrimination complaint of Plaintiff, District Sales Manager April Ferguson, and Territory Manager Tyson King retaliated against Plaintiff intensifying their harassment. Nobody was willing to stop the illegal behavior of April Ferguson and Tyson King.

49. The intentional discriminatory conduct of April Ferguson and Tyson King based on Plaintiff's association with a Black person, and the management's indifference to Plaintiff's complaints, aggravated the hostile work environment that Plaintiff was already suffering, in violation of both Federal and State law.

50. After Plaintiff complained about intentional Race discrimination by association Plaintiff gained nothing, but she suffered more retaliation, making her workplace an intimidating place to be. Plaintiff was forced to endure a continued, unrelenting, abusive and disparate treatment at the hands of individuals with the ability to hire, promote, discipline and fire her.

51. On or about August 22, 2016, Plaintiff was terminated by Defendant. Territory Manager Tyson requested Plaintiff's termination based on performance issues forms and notes, abundantly produced and detailed by April Ferguson.

52. The acts and omissions of Defendant perpetuated the illegal employment practices. The racial motivated discrimination and harassment to which Plaintiff was subjected to, altered the conditions of her employment, created an abusive,

Doc ID: a84a6f0a2f700e1f3e56a27257855c3c1926c017

intimidating working environment and affected the terms, conditions, and privileges of her employment with Defendant.

53. On or about August 22, 2016, Plaintiff was terminated by the Defendant, and Plaintiff's discharge was directly and proximately caused by Defendant's unjustified intentional discrimination and harassment based on Plaintiff's association to a Black person, in violation of 42 U.S.C. §1981 and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760.

54. Since then, Plaintiff married her Black boyfriend, District Sales Manager April Ferguson divorced her racist husband, and married Territory Manager Tyson King.

55. Defendant COCA-COLA BEVERAGES is subjected to vicarious liability for the actions of its management and agents, because it failed to take adequate remedial measures to halt the discrimination and harassment to which Plaintiff was subjected to, despite Defendant's knowledge that such discrimination and harassment was occurring.

## COUNT I:
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. SECTION 1981, DISCRIMINATION BASED ON RACE and COLOR,

56. Plaintiff MICHELLE L. GRIMALDO re-adopts every factual allegation as stated in paragraphs 1-55 above as if set out in full herein.

57. This is an action against COCA-COLA BEVERAGES for unlawful discrimination pursuant to 42 U.S.C., Section 1981.

58. At all times material, Defendant COCA-COLA BEVERAGES was an "employer" within the meaning of Section 42 U.S.C. §1981.

Doc ID: a84a6f0a2f700e1f3e56a27257855c3c1926c017

59. At all times material hereto, Plaintiff MICHELLE L. GRIMALDO was an "employee" and had a contractual relationship with Defendant within the meaning of 42 U.S.C. §1981.

60. Plaintiff MICHELLE L. GRIMALDO, had at all times material, and continue to have, a federally protected constitutional right to make and enforce contracts, to sue, to be parties, to give evidence, and to be free from racially based discrimination while bargaining, negotiating, or entering into a contract, including the enjoyment of all benefits, privileges terms and conditions of the contractual relationship of her employment at COCA-COLA BEVERAGES.

61. The Defendants have intentionally engaged in unlawful employment practices and discrimination, in violation of 42 U.S.C. § 1981, by treating the Plaintiff differently from similarly situated employees because of her association with an individual of Black Color.

62. Defendants subjected Plaintiff MICHELLE L. GRIMALDO to different adverse employment actions including but not limited to the following acts and omissions: harassment, disparate treatment, hostile work environment, and wrongful discharge.

63. Defendants subjected Plaintiff to a racially hostile work environment that seriously affected her psychological and physical well-being.

64. The hostile atmosphere that Defendants created for Plaintiff at COCA-COLA BEVERAGES was so severe that culminated in her discharge.

65. The effects of the practices referenced above have been to deprive the Plaintiff of equal employment opportunities, and otherwise adversely affected her status as

Doc ID: a84a6f0a2f700e1f3e56a27257855c3c1926c017

employee, because of her association with an individual of different Race and Color.

66. As a direct and proximate result of Defendant's intentional violations of Plaintiff's rights under 42 U.S.C. § 1981, treating her differently from similarly situated employees, subjecting her to racial discrimination and harassment because of her association to a Black person, Plaintiff has suffered damages. Her damages include back pay, front pay, loss of benefits, future pecuniary loss, inconvenience, emotional pain, suffering, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

67. The Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of the Defendant's discriminatory practices, unless and until this Court grants relief.

68. The actions of the Defendant COCA-COLA BEVERAGES, and/or its agents were willful, wanton, intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights thus, entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendants COCA-COLA BEVERAGES for its actions and to deter it, and others, from such actions in the future.

69. Plaintiff MICHELLE L. GRIMALDO has retained the undersigned counsel to prosecute her claims and she is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

Doc ID: a84a6f0a2f700e1f3e56a27257855c3c1926c017

PRAYER FOR RELIEF

WHEREFORE, Plaintiff MICHELLE L. GRIMALDO respectfully requests that this Honorable Court:

    A.  Enter judgment for Plaintiff MICHELLE L. GRIMALDO and against the Defendant COCA-COLA BEVERAGES based on Defendant's willful violations of 42 U.S.C. §1981; and

    B.  Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

    C.  Award Plaintiff as to this count, prejudgment interest; and

    D.  Award Plaintiff damages for the costs of litigation and filing including attorney's fees; and

    E.  Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

JURY TRIAL DEMAND

Plaintiff MICHELLE L. GRIMALDO demand trial by jury of all issues triable as of right by jury.

**COUNT II:
RETALIATORY DISCHARGE; IN VIOLATION OF THE CIVIL RIGHTS OF
1866, 42 U.S.C., SECTION 1981**

70. Plaintiff MICHELLE L. GRIMALDO re-adopts every factual allegation as stated in paragraphs 1-55 of this complaint as if set out in full herein.

71. Plaintiff and Defendant COCA-COLA BEVERAGES had a contractual relationship.

72. Defendant COCA-COLA BEVERAGES precluded Plaintiff from performing the

Doc ID: a84a6f0a2f700e1f3e56a27257855c3c1926c017

stated contractual relationship when Defendant terminated Plaintiff.

73. Defendant terminated Plaintiff's contractual relationship in retaliation for Plaintiff's opposition to unlawful employment practices based on Race and Color, as more particularly described above.

74. Plaintiff was unable to enjoy all the benefits, privileges, terms and conditions of their contractual relationship.

75. Defendant acted intentionally, with malice and/or reckless disregard for Plaintiff's protected rights.

76. Plaintiff has retained the undersigned counsel to prosecute her claims and is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff MICHELLE L. GRIMALDO respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against Defendant COCA-COLA BEVERAGES based on Defendant's willful violations of 42 U.S.C. §1981; and

B. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

C. Award Plaintiff as to this count prejudgment interest; and

D. Award Plaintiff damages for the costs of litigation and filing including attorney's fees; and

E. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

Doc ID: a84a6f0a2f700e1f3e56a27257855c3c1926c017

## JURY TRIAL DEMAND

Plaintiff MICHELLE L. GRIMALDO demands trial by jury of all issues triable as of right by jury.

### COUNT III:
### VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760: DISCRIMINATION BASED ON RACE AND COLOR

77. Plaintiff MICHELLE L. GRIMALDO re-adopts every factual allegation as stated in paragraphs 1-55 of this complaint as if set out in full herein.

78. At all times material hereto, the Employer/Defendant COCA-COLA BEVERAGES failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10] which states "It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's Race, Color, Religion, Sex, National Origin, Age, Handicap, or Marital Status.

79. The discrimination and termination of Plaintiff by Defendant was based on Plaintiff's association with an individual of Black race.

80. At all relevant times, including the time of employment termination of Plaintiff, Defendant, was aware that Plaintiff was associate to an individual of different race.

81. At the time of Defendant's termination of her employment, Plaintiff did perform and excel at the performance of the essential functions of her positions.

82. The Plaintiff was well qualified for her position.

83. The termination of Plaintiff's' employment was based on her association to a person of different Race and Color.

Doc ID: a84a6f0a2f700e1f3e56a27257855c3c1926c017

84. Plaintiff was fired by Defendant and Plaintiff's termination of employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of her association to a person of Black race, in violation of Florida Statute Section 760.

85. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

86. Any alleged nondiscriminatory reason for this treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reason for terminating her employment, her association with an individual of Black race.

87. Defendant COCA-COLA BEVERAGES is subject to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

88. The Defendant's actions were malicious and was recklessly indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of Race, Color, Religion, Sex, National Origin, Age, Handicap, or Marital Status.

89. The actions of Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

90. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

Doc ID: a84a6f0a2f700e1f3e56a27257855c3c1926c017

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MICHELLE L. GRIMALDO respectfully requests that this court order the following:

A.  Grant a permanent injunction enjoining Defendant COCA-COLA BEVERAGES, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on Race and Color.

B.  Reinstate Plaintiff to the same position held before the retaliatory personnel action, or to an equivalent position.

C.  Reinstate full fringe benefits and seniority rights to Plaintiff.

D.  Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to her association with a person of different race.

E.   For a money judgment representing prejudgment interest.

F.  Award any other compensation allowed by law including punitive damages, attorney's fees (448.104) and further demands a trial by jury on all issues so triable.

## JURY TRIAL DEMAND

Plaintiff MICHELLE L. GRIMALDO demands a trial by jury on all issues triable as of right by a jury.

Doc ID: a84a6f0a2f700e1f3e56a27257855c3c1926c017

**COUNT IV:**
**VIOLATION OF FLORIDA CIVIL RIGHTS ACT, CHAPTER 760, FLORIDA**
**STATUTES; RETALIATORY DISCHARGE**

91. Plaintiff MICHELLE L. GRIMALDO re-adopts every factual allegation as stated in paragraphs 1-55 of this Complaint as if set out in full herein

92. This is an action against COCA-COLA BEVERAGES for unlawful retaliation under the Florida Civil Rights Act, Chapter 760, FL Statutes, and (FCRA).

93. The FCRA contains an anti-retaliation provision, forbidding employers from retaliating, or from taking adverse personnel action against those employees who exercise their lawful and protected rights under FCRA.

94. The FCRA, *Fla. Stat. Section 760.10,* (7) reads in applicable part, as follows:

    "It is an unlawful employment practice for an employer, an employment agency, a joint labor management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section".

95. Plaintiff is a member of a protected class under the Florida Civil Rights Act because of her association with an individual member of a protected category because of his Race and Color, and because of her participation in protected activities within the meaning of the Florida Civil Rights Act.

96. Plaintiff MICHELLE L. GRIMALDO, while working for Defendant COCA-COLA BEVERAGES was subject to intentional discrimination and harassment based on her association with an individual of Black Race.

97. Plaintiff reasonably followed the chain of command and exhausted all her reasonably administrative remedies to get help.

Doc ID: a84a6f0a2f700e1f3e56a27257855c3c1926c017

98. Plaintiff explicitly informed the business that she was suffering discrimination on basis of her association to a person of different Race and opposed to these unlawful employment practices.

99. This protected activity resulted in retaliatory adverse actions that altered the terms, conditions and privileges of Plaintiff's employment.

100.    As a result, Plaintiff was forced to endure a continued, unrelenting, abusive and disparate treatment at the hands of individuals with the ability to hire, fire, promote, and discipline her, and she was eventually terminated in retaliation to her refusal to accept the unlawful discriminatory employment practices.

101.    Defendant COCA-COLA BEVERAGES is subject to vicarious liability because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

102.    Furthermore, Defendant knowingly condoned and ratified the Racial discrimination by association and retaliation of Plaintiff.

103.    Defendant's known allowance and ratification of the abusive conduct created, perpetuated and facilitated an abusive, discriminatory, and hostile work environment based on Plaintiff's association with an individual of different Race and Color within the meaning of Section 760.10 of the Florida Civil Rights Act.

104.    As a direct and proximate result of the actions and/or omissions of Defendant, Plaintiff has suffered injury and losses including a violation of her statutory rights.

Doc ID: a84a6f0a2f700e1f3e56a27257855c3c1926c017

105.    Moreover, Plaintiff termination came just in temporal proximity after Plaintiff engaged in protected activity.

106.    Plaintiff has no plain, adequate, or complete remedy at law.  She is suffering, and will continue to suffer irreparable injury in the form of psychiatric and psychological harm, extreme emotional distress, emotional pain, mental anguish and humiliation, loss of dignity, loss of enjoyment of life, loss of past and future wages and an inability to earn wages in the future. These losses are continuing and will continue in the future.

107.    Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff MICHELLE L. GRIMALDO respectfully requests that this Court;

A.  Grant a permanent injunction enjoining Defendant COCA-COLA BEVERAGES, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in further discriminatory practice in violation of the FCRA, Fla. Stat. Section 760.10, (7).

B.  Award Plaintiff MICHELLE L. GRIMALDO judgment against the Defendant COCA-COLA BEVERAGES for compensatory damages as determined by the Trier of fact.

C.  Award Plaintiff restitutionary damages including back pay, front pay, liquidated damages, any "Employee Welfare Benefits" and retirement benefits for the time Plaintiff should have worked absent Defendant's discriminatory treatment.

Doc ID: a84a6f0a2f700e1f3e56a27257855c3c1926c017

D.  Enter Judgment for Punitive damages against COCA-COLA BEVERAGES.

E.  Award all reasonable Attorney's fees and costs incurred in connection with this

action; and any other and further relief as justice may require.

<u>JURY TRIAL DEMAND</u>

Plaintiff MICHELLE L. GRIMALDO demands trial by jury of all issues triable as of right

by jury.

 Dated: August 22, 2019,

Respectfully submitted,

By: __/s/ **Zandro E. Palma**_____
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500, Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
E-mail: zep@thepalmalawgroup.com
*Attorney for Plaintiff*

Doc ID: a84a6f0a2f700e1f3e56a27257855c3c1926c017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION
CASE NO.:

LINDA MICHELLE CLARY
F/K/A MICHELLE L. GRIMALDO,

       Plaintiff,

v.

COCA-COLA BEVERAGES
FLORIDA, LLC

       Defendant,

_____/

## **VERIFICATION OF COMPLAINT**

The undersigned, for herself declares:

I am the Plaintiff in the above-styled action.  I have read the forgoing complaint consisting of 22 pages and I know the contents thereof.  With respect to the causes of action alleged by me, the same is true by my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe them to be true.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the forgoing is true and correct.

Date: _____08/23/2019_____

Signature _____
      LINDA MICHELLE CLARY
F/K/A MICHELLE L. GRIMALDO

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | Verified Complaint |
| **FILE NAME** | GRIMALDO MICHELLE...IED COMPLAINT.pdf |
| **DOCUMENT ID** | a84a6f0a2f700e1f3e56a27257855c3c1926c017 |
| **STATUS** | ● Completed |

## Document History

| | | |
|---|---|---|
| **SENT** | **08/22/2019**<br>23:23:28 UTC-5 | Sent for signature to Linda Michelle Clary<br>(flymetothemoon72@hotmail.com) from<br>svelez@thepalmalawgroup.com<br>IP: 73.0.216.26 |
| **VIEWED** | **08/23/2019**<br>02:51:00 UTC-5 | Viewed by Linda Michelle Clary<br>(flymetothemoon72@hotmail.com)<br>IP: 108.72.194.184 |
| **SIGNED** | **08/23/2019**<br>02:55:15 UTC-5 | Signed by Linda Michelle Clary<br>(flymetothemoon72@hotmail.com)<br>IP: 108.72.194.184 |
| **COMPLETED** | **08/23/2019**<br>02:55:15 UTC-5 | The document has been completed. |